IN THE UNITED STATES DISTRICT COURT IN THE WESTERN DISTRICT
OF MISSOURI, SPRINGFIELD DIVISION

| | |
|---|---|
| Stephen Jackson<br>  Plaintiff,<br><br>vs<br><br>Janet Yellen, in her official capacity as<br>Secretary of the Treasury<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20503<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>Danny Werfel, in his official<br>capacity as Commissioner of the<br>Internal Revenue<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br>  Defendants. | Civil Action No. 24-05033-CV-SW-SRB<br><br>**COMPLAINT** |

1. Pursuant to the Administrative Procedure Act ("APA"), Stephen Jackson (hereafter Jackson) files this Complaint against Defendants The Department of the Treasury of the United States ("Treasury"); Janet Yellen, in her official capacity as Secretary of the Treasury ("Secretary"); the Internal Revenue Service ("IRS");

and Danny Werfel, in his official capacity as Commissioner of Internal Revenue; seeking relief for this Court to hold unlawful and set aside agency action not in accordance with law and in excess of statutory authority and to compel agency action unlawfully withheld from the Plaintiff.

## INTRODUCTION

2. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." *See* 5 U.S.C. § 702[1]. Due to the deprivation of Plaintiff's property, withheld agency action and actions not in accordance with law, Plaintiff has been adversely affected by IRS employee conduct. The Plaintiff's rights of administrative due process and Constitutional Fifth Amendment due process have been circumvented by IRS failure to perform statutorily required duties, misapplication of various provisions of Title 26 and failure to initiate civil forfeiture proceedings required by law to enforce purported

---

[1] 5 U.S. Code § 702 - Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein
(1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or
(2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

tax liens. The conduct complained of has resulted in deprivation of Plaintiff's liberty and the right to enjoy his property and the ability to have and use said property.

3. The claims made herein are made under the zone of protection provided by 5 U.S.C. § 706[2]. This is not an action designed to prevent the assessment or collection of taxes because the focus is on specific acts that have already been committed by the IRS and actions about to be taken by the IRS in an impending sale of Plaintiff's property on May 8, 2024.

## PARTIES

4. **Plaintiff** Stephen Jackson (Jackson) is an innocent owner of the property listed in Appendix A, at all times material a local citizen of Newton County in the State of Missouri.

---

[2] 5 U.S. Code § 706 - Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5. **Defendant** Internal Revenue Service is an executive agency of the United States within the meaning of the APA. *See* 5 U.S.C. § 551 and 26 CFR 601.702.

6. **Defendant** Danny Werfel is the Commissioner of the IRS. In that role he is responsible for the conduct and actions of every IRS employee within the agency. He is sued in his official capacity.

7. **Defendant** Janet Yellen is the Secretary of the Department of the Treasury of the United States. In that role she is responsible for requesting that forfeiture proceedings be commenced against the Plaintiff and for the implementation and lack thereof of certain regulations which are the subject of this lawsuit. She is sued in her official capacity.

## STANDARD OF REVIEW

8. Pursuant to 5 U.S.C. § 706 the standard of review of actions against a government agency should be made with judicial attention and protection centered on unlawfully withheld or unreasonably delayed agency actions, arbitrary, capricious, abuses of discretion, or acts otherwise not in accordance with law. Title 5 U.S.C. § 706 also provides for review and judicial protection from agency acts contrary to constitutional right, power, privilege, or immunity. Agency acts in excess of statutory jurisdiction, authority, or limitations, or short of statutory right must be held unlawful or set aside. And finally the court must review, hold

unlawful, and set aside acts committed without observance of procedure required by law. This case is ripe for adjudication because Plaintiff has tried other administrative means and has suffered actual financial damages by the arbitrary, capricious and unauthorized acts of the employees of the IRS.

## JURISDICTION AND VENUE

9. Because this action arises under the federal Administrative Procedure Act, 5 U.S.C. § 551 et seq., and seeks judicial review under 5 U.S.C. § 702, this district court has subject matter jurisdiction, Wiren v. Eide, 542 F.2d 757 (9th Cir. 1976). Also See FTC v. Klesner, 280 U.S. 19 (1929) as cited in Heckler v. Chaney 470 U.S. 821 (1985).

> "Similarly, when an agency does act to enforce, that action itself provides a focus for judicial review, inasmuch as the agency must have exercised its power in some manner. The action at least can be reviewed to determine whether the agency exceeded its statutory powers. See, e. g., FTC v. Klesner, 280 U.S. 19 (1929)."

10. The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), and 28 U.S. Code § 105 because the Defendants are officers and agencies of the United States and the Plaintiff in Newton County Missouri and a substantial part of the events or omissions giving rise to the claims occurred in this county.

## STANDING

12. Jackson has standing in this Court because the Administrative Procedures Act affords a right of review to a person who is "adversely affected or aggrieved by agency action" See 5 U.S.C. § 702. Due to the deprivation of Plaintiff's property, withheld agency action and actions not in accordance with law, Plaintiff has been adversely affected by IRS employee conduct. The Plaintiff's rights of administrative due process and Constitutional Fifth Amendment due process have been circumvented by IRS failure to perform statutorily required duties, misapplication of various provisions of Title 26. The conduct complained of is actionable under several sections of the APA, has resulted in deprivation of Plaintiff's liberty and the right to enjoy his property and the ability to have and use said property.

## FACTS

13. Jackson had property as identified in Appendix A, attached to the Affidavit and Verified Claim filed with this complaint, that was seized by the IRS on the early morning of January 24, 2024. Jackson's property was being stored on trust property that his brother managed located at Trinity Consulting, 10356 Venice Lane, Stark City, Missouri. On the morning of January 24, 2024, Jackson's brother called him and told him that government agents had surrounded the home,

6 of 13
Case 3:24-cv-05033-SRB   Document 1   Filed 05/06/24   Page 6 of 13

that they were armed and were seizing property. It seems that Jackson's brother Phil Jackson had been the subject of an IRS action and the IRS had come to collect Phil Jackson's property. Jackson immediately went to his brother's house and attempted to approach the agents to inform them that his property was also intermingled with his brother's property. Jackson was told by armed government IRS agents and Federal Marshals to vacate the area or he would be arrested. Jackson complied. Recently, Jackson discovered a Notice of Public Auction Sale that listed his personal property that was seized that day as "forfeited personal property". Jackson has not received any Notice of Forfeiture from any government agency nor been notified of any forfeiture hearings. As far as Jackson knows his property was seized without any notice of any kind and there has been no due process afforded to Jackson that would qualify the property as "forfeited". Jackson has not received any "Notice of Demand for Payment" (NOD) or a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing" and Jackson knows of no amounts he owes the United States government, Jackson knows of no foundation that would support seizure and forfeiture of Jackson's personal property. In the Government Notice of Public Auction Sale, the government claims authority to sell Jackson's personal property under 28 U.S.C. §§ 2001 & 2002. Those statutes only authorize the sale of real property and do not authorize the sale of personal property. Since the IRS acts as an agency of the United States

and the APA gives Jackson the ability to ask the Court for review in this matter, Jackson brings this action attempting to obtain due process before his property is sold by the government.

## ARGUMENT

14. For the IRS to have the authority to seize personal property there must be a tax assessed and payment demand made. After some assessment and demand is made the IRS authority to seize is 26 U.S.C. 6331. However, the Supreme Court has ruled in *United States v. National Bank of Commerce* 472 U.S. 713 (1985) that seizures under §6331 are administrative seizures and that they are a "provisional remedy". However, the Court also held that §7403 provides for the "plenary action" that determines if the government's rights to the seized property are superior to other claimants.

*National Bank of Commerce* 472 U.S. 713 (1985) states,

> "The administrative levy has been aptly described as a "**provisional remedy.**"4 Bittker, para, 111.5.5, at 111-108. In contrast to the lien-foreclosure suit, **the levy does not determine whether the Governments rights to the seized property are superior to those of other claimants; it, however, does protect the Government against diversion or loss while such claims are being resolved.**"
>
> "**A federal tax lien, however is not self-executing. Affirmative action by the IRS is required to enforce collection of the unpaid taxes. The Internal Revenue Code provides two principal tools for the purpose. The first is the lien-foreclosure suit.** Section 7403(a) authorizes the institution of a civil action in federal district court to enforce a lien "to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax." Section 7403(b) provides: "All persons

> having lien upon or claiming any interest in the property involved in such action shall be made parties thereto" the suit is a plenary action in which the court "shall ... adjudicate all matters involved therein and finally determine the merits of all claims to and lien upon the property." § 7403(c). See generally United States v. Rodgers, 461 U.S. 677, 680-682 (1983). The second tool is the collection of the unpaid tax by administrative levy. The levy is a provisional remedy and typically "does not require any judicial intervention." Id. At 682. The governing statute is § 6331(a). See n. 1 supra. It authorizes collection of the tax by levy, which, by § 6331(b), "includes the power of distraint and seizure by any means."" [emphasis added]

In this case Jackson owes no taxes to the IRS. Therefore there are only three ways that an enforcement agency can seize property. First, the property must be used to facilitate a crime. Second, the property must be a product of a crime. Third, the property must be classified as contraband. Since Jackson owes no taxes and his property has nothing to do with any crimes against the United States, Jackson's property cannot lawfully be seized and sold as if his property was used in violation of the law. Jackson is simply an innocent owner.

15. In this case the IRS has used a self-serving non judicial determination that the property was abandoned. That is nothing more than some sharp legal word art to avoid the legal problem of having to bear the burden of proof in a forfeiture proceeding. It would be very hard for the IRS to justify forfeiting Jackson's property since he owes no taxes.

16. The IRS has denied Jackson his due process, by taking his property and offering it for sale at auction and identifying it in the Government Notice of Public Auction Sale as "forfeited personal property", without giving him his forfeiture

hearing required by 26 U.S.C. § 7403. The government claims authority to sell Jackson's personal property under the authority of 28 U.S.C. § 2001 & 2002 which only gives authority to the government to sell real estate; there is no mention of personal property mentioned in 28 U.S.C. § 2001 & 2002 claimed as authority to sell Jackson's personal property. This action by the IRS misapplied the law and operated to avoid judicial oversight that could expose the illegal actions of the IRS agents and their DOJ lawyers.

17. Furthermore, the failure of the United States to perfect forfeiture at the behest of the Secretary operates as a constitutionally deficient notice of an administrative forfeiture and other courts have generally voided such actions and remanded for further proceedings; *United States v. Marolf,* 173 F.3d 1213 (9th Cir. 04/12/1999)

> "Where the government provides constitutionally deficient notice of an administrative forfeiture, other courts of appeals have generally voided such actions and remanded for further proceedings. See, eg., *Muhammend v. DEA, Asset Forfeiture Unit,* 92 F.3d 648, 654(8th Cir. 1996); *Barrera Montenegro v. United States,* 74 F.3d 657, 661(5th Cir. 1996); *United States v. Giraldo,* 45 F.3d 509, 512 (1st Cir. 1995). We have already held that a district court retains equitable jurisdiction to adjudicate claims of inadequate notice of administrative forfeitures. See *United States v. Clagett,* 3 F.3d 1355, 1356 (9th Cir. 1993) ; see also *Marshall Leasing, Inc. v. United States,* 893 F.2d 1096, 1102-03 (9th Cir. 1990) (district court had jurisdiction over due process attack on administrative forfeiture under 28 U.S.C. § 1331); *United States v. Ten Thousand Dollars ($10,000) in U.S. Currency,* 860 F.2d 1511, 1513 (9th Cir. 1988) (accidental, fraudulent, or improper removal of property will not extinguish district court's in rem jurisdiction). We therefore affirm the district court's ruling that a constitutionally deficient notice of forfeiture renders such a forfeiture void." *United States v. Marolf,* 973 F. Supp 1139 at 1148 (C. D. Cal. 1997).

## CONCLUSION

18. The Conclusion in this matter is quite simple. The IRS by and through the DOJ have taken actions that operate to deny Jackson his due process in this matter. The denial of due process operates to allow the government to forfeit Jackson's property without Jackson having any judicial oversight as required by 26 U.S.C. 7403, and the Fifth and Fourteenth Amendment of the United States Constitution.

## COUNT 1

19. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint and claims that the IRS misapplied 26 U.S.C. 6331 against him in order to illegally seize Plaintiffs property.

## COUNT 2

20. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint and claims that the IRS failed to comply with the requirement of 26 U.S.C. § 7403 that required the IRS to file a civil action prior to forfeiture of Plaintiff's property.

## COUNT 3

21. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint and claims that the actions of the IRS have operated to deny the Plaintiff his due process rights under the Fifth and Fourteenth Article of Amendment of the Constitution of the United States.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment against the defendants, as follows:

1) An immediate Order to Stay the Sale of Plaintiff's property scheduled to be sold on May 8, 2024 at 10 am.

2) An Order ordering the return of Plaintiff's property listed in Appendix A, and in the Notice of Public Auction Sale line #1 - 4 - 5 - 8 - 9 -12 - 14 - 15 - 17 - 18 - 21.

3) An Order ordering the return of five (5) Charolais cattle that were seized on January 24, 2024.

4) All other relief the Court deems just and fair under the circumstances.

To the best of the claimant's current knowledge and ability at this time.

Void where prohibited by law or otherwise, with no intent to defraud, done in good faith. Done without the aid, assistance and/or guidance of legal counsel.

With Explicit Reservation and Retention of All my Rights - None waived - ever.

UCC 1-204/1-308        UCC 1-207   UCC 1-308

Dated: May 6, A.D. 2024     Stephen Jackson
**c/o** 305 South Kyler street, # 126
Monett, Missouri - **near** [65708]
Telephone: (417) 551-3001
Email:copperheadridge44@gmail.com